816 F.2d 673
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re SPORTS ACCESSORIES, INC. and Alison Knitting and
Manufacturing, Inc., Debtors.
Charles A. DOCTER, Appellant,
v.
COOPERS & LYBRAND, a partnership by and through its resident
partner, John Silton, individually and for all
partners and Linda Saulsby, individually
for all partners or for the
entity, Appellees.
 No. 86-1030.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1986.
Decided April 1, 1987.
 
 Before SPROUSE and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Edward L. Genn, for appellants.
 Thomas D. Goldberg (Peter M. Kreindler; Hughes, Hubbard & Reed; John H. Levin; Venable Baetjer & Howard, on brief), for appellee.
 PER CURIAM:
 
 
 1
 The plaintiff is the trustee in bankruptcy for two Maryland corporations, Sports Accessories, Inc. (SAI) and its wholly owned subsidiary, Alison Knitting & Manufacturing, Inc. The defendant is the accounting firm which audited the debtors' regular financial statements. The essence of the plaintiff's claim is that the defendant knowingly prepared a materially false consolidated financial statement for the fiscal year ending December 31, 1979, knowing that it would be disseminated to creditors, and that creditors extended credit to the debtors in reliance upon the statement.
 
 
 2
 There had been a recapitalization of SAI in October 1979 based upon a write-up of the fixed assets derived from an appraisal conducted by a concern with no apparent relationship to the defendant. On the basis of that write-up, the controlling stockholders exchanged all of their common stock for new preferred stock having an aggregate par value approximating the corporate net worth. New common stock was then issued to key employees in exchange for notes.
 
 
 3
 The first cause of action purports to assert a securities fraud claim, and the parties have treated it as resting upon Sec. 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78(j)(b). The third and fourth causes of action were for alleged common law fraud upon creditors who extended credit in reliance upon the annual report for 1979.
 
 
 4
 The district court granted summary judgment for the defendant upon two alternative grounds: that the trustee had no standing to maintain the action, and that all claims were time barred by the relevant statutes of limitations.
 
 
 5
 Generally, trustees in bankruptcy are unauthorized to sue third parties on behalf, or for the benefit, of creditors of the bankrupt estate. See Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416 (1972); Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57, 62 n. 4 (2d Cir.1985); Rochelle v. Marine Midland Grace Trust Co., 535 F.2d 523, 527 (9th Cir.1976). This case cannot be distinguished from those cases on the basis that this proceeding is under Chapter 7, rather than Chapter 10, of the Bankruptcy Code.
 
 
 6
 The bankrupt estate has no interest in this lawsuit. Any possible recovery would be for the benefit of individual creditors. No portion of any such recovery would be payable to the bankrupt estate or enhance its assets in any way. The creditors, whom the plaintiff purports to represent, did not press their claims in judicial proceedings in a timely fashion, and the trustee has no authority to assert their claims now.
 
 
 7
 Alternatively, the district court was correct in holding all of the claims time barred. An order for relief appointing the plaintiff trustee was filed on March 24, 1981. This action was not filed until March 1984.
 
 
 8
 The district court applied to the securities fraud claim Maryland's one-year statute of limitations derived from her blue sky laws. It applied Maryland's three-year statute for common law fraud to the other claims. It held that all causes of action accrued no later than December 1980 when the involuntary petition for bankruptcy was filed. At that time, every person involved had reason to question the healthy picture drawn by the financial statement for the year 1979.
 
 
 9
 The district court also took note of 11 U.S.C. Sec. 108(a). In part, it gives the trustee in bankruptcy additional time, not exceeding two years, to press a claim that is not time barred on the date of the filing of the petition for bankruptcy. That two-year period began with the trustee's appointment in March 1981 and cannot save these actions commenced three years later.
 
 
 10
 AFFIRMED.